## SULLIVAN ex rel. JEE GIM BEW v. TILLINGHAST, Immigration Com'r.

Circuit Court of Appeals, First Circuit.
October 26, 1928.

No. 2239.

William H. Lewis, of Boston, Mass. (John G. Sullivan, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass.; on the brief), for appellee.

Before BINGHAM, JOHNSON; and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The relator, Jee Gim Bew, a Chinese person, sought admission to the United States as the foreign-born son of Gee Poy, who it was conceded was a citizen of the United States. The Board of Special Inquiry at Boston refused admission on the ground that he had not reasonably established that he was the son of Gee Poy, and on appeal to the Secretary of Labor its decision was affirmed and deportation ordered. Habeas corpus was prayed for and denied by the District Court of Massachusetts.

The only question before the District Court was whether the petitioner had been accorded a fair hearing by the immigration officials. This has been so often decided that it is unnecessary to cite any decision in its support. If there were any substantial evidence before the Board of Special Inquiry which would support its finding, which has been affirmed by the Secretary of Labor, the District Court was without jurisdiction.

The petitioner was examined at length in regard to the village in China from which he claimed to have come, as was also an alleged brother and the father. Both the alleged brother and father testified that there was a fishpond in front of this village. The petitioner testified that there was no pond in front of or near it and never has been.

There were some discrepancies between the testimony of the applicant and other witnesses with reference to the location of the houses in the village and their occupants, and as to whether the brother did anything after he left school; but the material discrepancy related to the location of a pond in front of the village. The petitioner is 27 years of age and claims to have lived all his life in the village in China from which he claims to have come and in front of which, or near which, he testified there is no fishpond; but both the alleged father and brother positively testified that there is one there, and the alleged brother drew a diagram representing its location and showing that an unobstructed view of it could be had from the front of the house where the relator claimed to have lived.

Upon this record we cannot say that the action of the immigration officials was arbitrary or entirely unsupported by substantial evidence.

The decree of the District Court is affirmed.